IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANK JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-011 |
| | ) | |
| WARDEN, Baldwin State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 15.) The Magistrate Judge rejected three claims of ineffective assistance of trial counsel and recommended denying the petition in its entirety. (Doc. no. 13.) None of Petitioner's objections call into question the Magistrate Judge's conclusion. Petitioner primarily re-hashes the arguments raised in his petition, although one objection warrants specific comment.

Petitioner argues the Magistrate Judge applied an erroneous legal standard in his discussion of a failure to show prejudice with respect to trial counsel's failure to present expert testimony concerning Petitioner's multiple medical conditions. According to Petitioner, the Magistrate Judge improperly rejected Petitioner's claim on this point because of a failure "to provide *conclusive* medical evidence he was incapable to the sexual abuse described under oath by the victim, her sister, and her mother." (Doc. no. 15, p. 13.)

Moreover, Petitioner argues the Magistrate Judge improperly referenced double deference to the state court decision because the state court did not address the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). (Id. at 13-14.) The objection is without merit.

Petitioner raised the issue of the impact of the medical evidence in his state appellate brief under his discussion of Strickland prejudice, as follows: "Strickland prejudice was established in this case because Dr. Bush's testimony would have gone to the heart of the case as he would have testified within a reasonable degree of medical certainty that the Defendant could not physically have committed the crime in question." (Doc. no. 1-6, p. 52.) In response, the Georgia Court of Appeals ruled, "[B]ecause the expert medical testimony would not have shown that [Petitioner] was incapable of having A.H. place her mouth on his penis, as alleged in the indictment, it was not ineffective assistance for counsel not to present such testimony." (Doc. no. 1-7, p. 21.) Thus, the Court disagrees with Petitioner's conclusion the state court did not address prejudice, as the quoted analysis directly addressed Petitioner's own prejudice argument and appeared in a separate paragraph after the court addressed three reasons why not presenting expert medical testimony was reasonable trial strategy, i.e., a discussion of the first, performance prong of Strickland.

Even if the Court were to assume *arguendo* the state court did not specifically address prejudice, there can be no doubt the state court's ultimate rejection of Petitioner's ineffective assistance of counsel claim on the issue of trial counsel's failure to present expert medical testimony is entitled to double deference. See Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188, 1192 (2018) (requiring federal habeas court to review reasons of merits-based decision by state court and defer to those reasons if reasonable); Sexton v. Beaudreaux, 584 U.S.-, 138 S.

2

Ct. 2555, 2560 (2018) (*per curiam*) (requiring state court deference to be "near its apex" when considering Strickland claims that turn on general, fact-driven standards). The Magistrate Judge summarized the ineffective assistance claim "on this point" of the presentation of medical evidence and concluded the state court decision of no ineffective assistance by trial counsel was entitled to double deference. That conclusion is correct.

The Magistrate Judge previously set forth the correct Strickland standard for establishing prejudice. (Doc. no. 13, pp. 11-12.) The state court decision that Petitioner had not shown ineffective assistance of counsel is entitled to double deference, and, to obtain relief in these federal proceedings, Petitioner is required to show not just that the state court got it wrong, but that there is no room for fairminded disagreement about the ruling. See Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); Woods v. Donald, 575 U.S. 312, 316 (2015). Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016).

In stating Petitioner had not provided conclusive medical evidence Petitioner was incapable of the sexual abuse charged, the Magistrate Judge pointed out (1) Petitioner's argument about the medical evidence was not factually strong enough to rebut the facts established in the state court proceedings, and (2) Petitioner had not shown there could be no

3

fairminded disagreement about the state court's rejection of the ineffective assistance claim. To the extent Petitioner imports any other meaning to the R&R analysis, the Court now makes clear the expert medical evidence offered by Dr. Bush, in light of the record established in the state court proceedings, does not show it "was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989). To obtain relief under Strickland, both prongs, deficient performance and prejudice, must be met, 466 U.S. at 687, and Petitioner has met neither as to his ineffective assistance claim regarding the presentation of expert medical evidence.

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as modified herein as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

4

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of February, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA